## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Boards of Trustees of
the Ohio Laborers Benefits,

      Plaintiffs,

      v.

LJServices, L.L.C., *et al.,*
*also known as*
LJ Services LLC

      Defendants.

Case No. 2:22-cv-2631

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Boards of Trustees of the Ohio Laborers Benefits ("Plaintiffs"), sued

LJServices, L.L.C. ("LJ Services") and LJ Traffic Control, LLC ("LJ Traffic

Control," collectively "Defendants") for violations of certain collective bargaining

agreements ("CBAs") and the Employee Retirement Income Security Act.

Compl., ECF No. 1.  Plaintiffs now move for summary judgment, ECF No. 69, but

the motion is **DENIED** without prejudice to renewal as to only LJ Services.

## I.    FACTS

Plaintiffs have presented evidence to support the following facts.  Plaintiffs

are the fiduciaries of four employee benefit plans: (1) the Ohio Laborers' District

Council—Ohio Contractors' Association Insurance Fund; (2) the Laborers' District

Council and Contractors' Pension Fund of Ohio; (3) the Ohio Laborers' Annuity

Fund; and (4) the Ohio Laborers' Training and Apprenticeship Trust Fund.

Gaston Dec. ¶ 3, ECF No. 69-1.  They are also the fiduciaries of one labor-management cooperative trust: Ohio Laborers' District Council—Ohio Contractors' Association Cooperation and Education Trust (collectively, "Plans"). *Id.*  The Plans are multiemployer plans, and they collect contributions to the LIUNA Tri-Funds, three national labor-management cooperative trusts.  *Id.* ¶¶ 4–5.

Defendants are limited liability companies that both provide traffic control and flagging services in Ohio, Kentucky, and Indiana.  *Id.* ¶ 6.  Defendants signed various CBAs with Laborers' International Union of North America and its affiliated district councils and local unions, including the Local 265/534 Utility Agreement, which appears to cover work performed from August 6, 2018, through August 5, 2022 (through July 31, 2022, for wage deductions and through August 5, 2022, for fringe benefits contributions), and the National Distribution Agreement, which appears to cover work performed from June 1, 2022, through May 31, 2027.  *Id.* ¶¶ 8, 10; L265-534 Utility Agmt., ECF No. 69-2 (LJ Services); Utility Agmt. Signature Page, ECF No. 69-11 (LJ Traffic); Nat'l Distrib. Agmt., ECF No. 69-6; Acknowledgment Nat'l Distrib. Agmt., ECF No. 69-10 (LJ Services); Acknowledgement Nat'l Distrib. Agmt. (LJ Traffic), ECF No. 69-12.  LJ Services signed other CBAs with Laborers' International Union of North America and its affiliated district councils and local unions.  Gaston Dec. ¶ 8, ECF No. 69-1; HHW Agmt. (2019–2022), ECF No. 69-3; HHW Agmt. Signature Page (2019–2022),

ECF No. 69-8 (LJ Services); Nat'l Pipeline Agmt., ECF No. 69-5; Acceptance of Nat'l Pipeline Agmt., ECF No. 69-9 (LJ Services).

Signatories to those CBAs were bound to the CBAs and Declarations of Trust establishing the Plans and the LIUNA Tri-Funds. *Id.* ¶¶ 9, 11. The CBAs, the Declarations of Trust, and the Plans ("Governing Documents") required Defendants to file monthly contribution reports, permit audits of their financial records, and make hourly contributions to the Plans and the LIUNA Tri-Funds on behalf of persons defined in the CBAs. *Id.* ¶ 12. The Governing Documents also permit Plaintiffs to conduct an audit of Defendants' financial records, collect delinquent contributions, and assess and collect liquidated damages when signatory employers fail to make the required contributions and deductions. *Id.* ¶ 13.

Defendants employed laborers that performed work covered by the CBAs, and the CBAs required Defendants to pay contributions at specified rates on behalf of those employees for each hour worked in covered employment. *Id.* ¶ 14. But Plaintiffs contend that Defendants are delinquent on contributions. *Id.* ¶ 16. After filing this lawsuit, Megan Wilson ("Wilson") performed an audit for Plaintiffs. *Id.* ¶ 16. According to Wilson, the audit revealed that "Defendants" failed to timely submit contributions for some months between May 2020 and December 2023. Wilson Dec. ¶ 3, ECF No. 69-13. In fact, according to Wilson, the audit revealed that "Defendants" owed $77,064.54 in principle contributions,

$69,838.55 in liquidated damages, $87,659.87 and in interest, for a total of $234,562.96.  *Id.* ¶ 4.

## II.    STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Court must grant summary judgment if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case" and "on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986).  The Court disregards "all evidence favorable to the moving party that the jury would not be required to believe."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (citation omitted).  Summary judgment will "not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal citations and quotation marks omitted).

The Court is not "obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).  The Court may rely on the parties to call attention to the specific portions of the record that demonstrate a genuine issue of material fact.  *Wells Fargo Bank, N.A. v. LaSalle Bank N.A.*, 643 F. Supp. 2d 1014, 1022 (S.D. Ohio 2009).

## III.    ANALYSIS

LJ Services did not respond to Plaintiffs' motion for summary judgment, but LJ Traffic opposes Plaintiffs' motion.  Resp., ECF No. 72.  LJ Traffic argues that liability and damages hinge on Wilson's declaration, but Wilson never audited LJ Traffic and therefore could not have offered reliable testimony concerning LJ Traffic's delinquencies.  Hayslip Dec. ¶¶ 3–5, ECF No. 73.  Plaintiffs did not reply in support of their motion.

Based on the evidence, summary judgment is not warranted against either Defendant.  First, summary judgment is not warranted against LJ Traffic, because there is a genuine issue of material fact as to whether *any* of the purported delinquencies (let alone the amount thereof) are attributable to LJ Traffic.  *See* Hayslip Dec., ECF No. 73.

Moreover, although LJ Services did not oppose summary judgment, Plaintiffs have not provided sufficient information from which the Court can

conclude that there is no genuine issue of fact as to LJ Services' liability.  For example, Plaintiffs have not provided a signature page for the 2022–2025 Ohio Highway-Heavy-Municipal-Utility State Construction Agreement.  In addition, the Wilson declaration fails to identify from which CBA each delinquency arose.  It therefore also fails to demonstrate which Defendant caused each delinquency.  Therefore, the Court cannot determine from the evidence provided that each delinquency arose from a CBA to which LJ Services was a party for the covered timeframe and cannot grant summary judgment against LJ Services.

Accordingly, Plaintiffs' motion for summary judgment is **DENIED WITHOUT PREJUDICE** to renewal against only LJ Services within **TWENTY-ONE DAYS**.  Any such renewed motion should be accompanied by evidence sufficient for the Court to determine that each delinquent payment is attributable to LJ Services, under a CBA for which there is proof of LJ Service's participation, and that the CBA covers the date of the delinquency.

Moreover, LJ Traffic has presented evidence that it is a separate company from LJ Services and that the two companies do not employ the same workers or work the same job sites.  Hayslip Decl. ¶ 10, ECF No. 73.  As such, LJ Traffic argues that it is not jointly and severally liable for LJ Services' delinquencies.  Resp. 1–2, ECF No. 72.  Plaintiffs offered no contrary evidence with their motion for summary judgment.  Nonetheless, LJ Traffic did not move for summary judgment on Plaintiffs' claims against it, and the dispositive motion deadline has passed.  Plaintiffs and LJ Traffic are therefore **ORDERED** to confer and to

propose, within **TEN DAYS**, next steps regarding LJ Traffic's involvement in this litigation.  If Plaintiffs wish to renew their motion for summary judgment against LJ Traffic also, it shall including a brief argument within the proposal as to why the Court should permit the same.

### IV.  CONCLUSION

For the above reasons, Plaintiffs' motion for summary judgment, ECF No. 69, is **DENIED**.  The Clerk shall terminate ECF No. 69 as a pending motion.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**